UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA HASSLER,<br>Plaintiff,<br>v.<br>BERMAN & MACK, LTD.,<br>Defendant. | Case No. 3:26-cv-00469-ART-CLB<br>ORDER DENYING MOTION TO SEAL |

Plaintiff Pamela Hassler filed this action alleging that her employer, Defendant Berman & Mack, Ltd., terminated her employment in violation of state and federal workplace anti-discrimination and accommodations laws. (ECF No. 1.) Defendant filed an answer to the complaint (ECF No. 6), followed by a motion to dismiss (ECF No. 19). Before the Court is Defendant's motion to file under seal an exhibit attached to its motion to dismiss. (ECF No. 20.) Plaintiff has not timely opposed the motion to seal. For the reasons stated, the Court DENIES Defendant's motion.

## I. LEGAL STANDARD

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). If a party seeks to file a document under seal, there are two possible standards it must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Determining which standard applies depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related"

to the merits of the case. *Id.* at 1099. If so, the compelling reasons standard applies; if not, the good cause standard applies. *Id.* at 1102. A motion to dismiss is considered "more than tangentially related" to the merits of the case, as resolving it requires understanding the central issues and claims. *See Riot Games, Inc. v. Shanghai Moonton Tech. Co.*, No. CV 22-3107-MWF (JPRx), 2022 WL 17254848, at *1 (C.D. Cal. Oct. 13, 2022). The compelling reasons standard thus applies to Defendant's request.

A party seeking to satisfy the compelling reasons standard bears the burden to "'articulate[ ] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). "After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Furthermore, "[a]ny request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040–41 (D. Nev. 2021) (citations omitted). Even if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Harper*, 552 F. Supp. 3d at 1041 (instructing courts to order redacted versions rather than sealing entire documents where "any confidential information can be easily redacted while leaving meaningful information available to the public").

## II. DISCUSSION

Defendant seeks to file under seal Exhibit C attached to its Motion to Dismiss, which it says contains its "Documentation Policies and Procedures" and

"includes confidential, non-public information not subject to disclosure outside the scope of this lawsuit." (ECF No. 20 at 1.) It also refers to this exhibit as containing "commercially sensitive information." (ECF No. 20-1.) But Defendant fails to address the compelling reasons standard in its motion. Nor does it provide any articulable facts or argument to explain what Exhibit C contains beyond the broadest terms, why that information is confidential and cannot be disclosed, or why it would be insufficient to submit a redacted version of the document instead. All Defendant has done is file a placeholder Exhibit C with the tag, "TO BE FILED UNDER SEAL UPON COUR (*sic*) APPROVAL." (ECF Nos. 19-3; 20 at 5.) In sum, this is insufficient to overcome the presumption in favor of public access. Without more information, the Court cannot grant the motion to seal "without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434. This it cannot do.

## III. CONCLUSION

It is therefore ordered that Defendant's motion for leave to file under seal Exhibit C attached to its motion to dismiss (ECF No. 20) is DENIED without prejudice and with leave to file a renewed motion by November 10, 2026, that addresses the compelling reasons standard.

Dated this 27th day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE